[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11824
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cv-00430-WKW-DAB

DANIEL WEBSTER WILBORN,

Plaintiff - Appellant,

versus

JAY M. JONES,
Lee County Sheriff,
DAVID C. MAYO,
Sergeant, in his official and individual
capacity,
TERRANCE MOORE,
Deputy, in his official and individual
Capacity,

Defendants - Appellees

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(February 7, 2019)

Before MARCUS, BRANCH and DUBINA, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's order adopting a magistrate judge's Report and Recommendation that a motion to dismiss filed by defendants Sheriff J. M. Jones and Sergeant David C. Mayo be granted. Plaintiff/Appellant Daniel Webster Wilborn ("Wilborn") filed a six-count civil rights complaint alleging various violations of federal and state law. The relevant question before the district court was whether Alabama law guarantees citizens a property interest in police assistance to arrest or take mentally ill persons into custody to prevent potential crimes. The district court concluded there was no such guarantee and granted the defendants' motion to dismiss.

I.

Specifically, Wilborn alleges that he sustained injuries from a neighbor-relative, Darius Lashaun Wilborn ("Shaun") because the police would not arrest Shaun for domestic violence or request for an ambulance to transport Shaun to the hospital. Shaun resided with his mother, and his mother activated a silent alarm after Shaun began acting violently. After the officers arrived, Shaun assured the officers that he was taking his medications, that he was going to his room, and that there would be no problems. Shaun refused to leave the residence voluntarily. Shaun's mother left, and Wilborn arrived at the residence. Wilburn requested that

2

the officers arrest Shaun, but they declined to do so.  Wilburn tried to call an ambulance, but because Shaun would not leave voluntarily, Sergeant Mayo cancelled the ambulance request.  The defendants explained to Wilburn that they did not have probable cause to arrest Shaun.  After the officers left the residence, Shaun attacked Wilborn.

## II.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff."  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "Determining whether a complaint states a plausible claim for relief [is] … a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679, 129 S. Ct. at 1950. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, 129 S. Ct. at 1949. The standard also "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id*. at 555, 127 S. Ct. at 1965.

### III.

After reviewing the record and reading parties briefs, we conclude that the district court properly dismissed this case under *Town of Castle Rock, Colo. v. Gonzales,* 545 U.S. 748, 125 S. Ct. 2796 (2005). In *Town of Castle Rock*, the Supreme Court affirmed dismissal of a complaint filed by a mother alleging that police officers' failure to enforce a domestic abuse restraining order, despite her

4

repeated demands, resulted in her estranged husband murdering their children.  545 U.S. at 751, 125 S. Ct. at 2800–01.  The Supreme Court held that the officers' alleged failure to enforce the restraining order was not a denial of the Due Process Clause.  *Id*. at 768, 125 S. Ct. at 2810 (stating "the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause").  The Supreme Court did not defer to the appellate court which looked to whether Colorado law had created a property or liberty interest in the enforcement of restraining orders.  *Id.* at 756, 125 S. Ct. at 2803.  Rather, the Supreme Court noted that federal constitutional law determined whether an interest rises to the level of a "legitimate claim of entitlement" protected by Due Process.  Hence, the Supreme Court ultimately held that no such interest existed due to the inevitable police discretion involved in arrest statutes.  *Id*. at 756, 125 S. Ct. at 2803 (stating "that a benefit is not a protected entitlement if government officials may grant or deny it in their discretion.").

As the plaintiff in *Town of Castle Rock*, Wilborn lacked property or liberty interests in Shaun being taken into custody under Ala. Code § 22-52-91, which provides a procedure for law enforcement officers when confronted with persons believed to be mentally ill and posing a danger to themselves or others.  Moreover, the statute makes clear that the decision to arrest an individual or contact a mental health officer on behalf of an individual is within the discretion of the attending

5

officer.  "Generally, arrests and attempted arrests are classified as discretionary functions" under Alabama law.  *Telfare v. City of Huntsville*, 841 So. 2d 1222, 1228 (Ala. 2002).  Wilborn does not present any facts or legal authority to support his claim that the defendants should have placed Shaun under arrest or that the defendants lacked the discretion not to arrest Shaun.  Accordingly, for the above reasons, we affirm the district court's order adopting a magistrate judge's Report and Recommendation that the motion to dismiss filed by defendants be granted.

AFFIRMED.